## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MARQWESHA DAVIS**,

   *Plaintiff*,

v.

**CLARITY SERVICES, INC.**,

   *Defendant*.

Case No: 4:25-cv-00079

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW**, the Plaintiff, Marqwesha Davis ("Ms. Davis"), by and through her undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity"), and in furtherance thereof states as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Davis against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under 15 U.S.C. § 1681p (the FCRA) and 28 U.S.C. § 1331.

3. The Defendant is subject to this Court's jurisdiction pursuant to § 48.193(1)(a)(1), Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Northern District of Florida because Clarity committed the acts of which Ms. Davis complains in Leon County, Florida, which is in the Northern District of Florida.

## PARTIES

### Ms. Davis

5. Ms. Davis is a natural person over the age of eighteen residing in the City of Tallahassee, Leon County, Florida and is *sui juris*.

6. Ms. Davis is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or

furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

10. At some point in 2019, Clarity began maintaining a credit file on Ms. Davis.

### CheckAdvanceUSA.net Tradeline

11. On or about August 5, 2022, Clarity incorporated that Ms. Davis owed a loan balance to "CheckAdvanceUSA.net" into its file on Ms. Davis.

| Current | | | |
|---|---|---|---|
| Account #: | XX▮▮▮▮ | Company: | CheckAdvanceUSA.net |
| Account Type: | Online Installment Loan | Credit Limit: | |
| Ownership: | Individual | Current Loan Amount: | $400 |
| Number of Payments: | 6 | Current Balance: | $1,265 |
| Payment Frequency: | Semimonthly Only | Past Due: | $1,265 |
| Open Date: | 8/5/2022 | Actual Payment: | |
| First Due Date: | 8/16/2022 | Next Payment Amount: | $1,265 |
| Last Update Date: | 11/10/2022 | Status: | Charge-Off |
| Delinquency Date: | 8/16/2022 | Closed Date: | 11/10/2022 |
| Payment History: | +-#### | Closed Status: | |
| Comment: | | | |
| Consumer Dispute: | | | |
| **Historical** | | | |
| Original Account Type: | Online Installment Loan | Original Loan Amount: | $400 |
| First Payment Date: | 8/15/2022 | First On-Time Payment Date: | 8/15/2022 |
| Last Payment Date: | 8/15/2022 | Last On-Time Payment Date: | 8/15/2022 |
| Total Late Payments: | 1 | Collections (#): | 0 |
| Amount of Late Payments: | $0 | Total Collections: | $0 |
| Total Days Late: | 86 | Days in Collections: | 84 |
| Longest Late Payment: | 86 | Last Collection Date: | 11/10/2022 |
| Charged Off Date: | 11/10/2022 | Worst Payment Status: | Charge-Off |
| Charge Off Amount: | $1,265 | First Closed Date: | 11/10/2022 |

12. On or about August 18, 2024, Clarity provided Ms. Davis with a Consumer Disclosure showing the "CheckAdvanceUSA.net" tradeline reflects a "Current Loan Amount" of "$400," a "Current Balance" of "$1,265," a "Past Due" amount of "$1,265," a "Next Payment Amount" of $1,265" and a "Status" of "Charge-Off."

13. The Consumer Disclosure indicates more than two years had passed since Clarity made any update to the "CheckAdvanceUSA.net" tradeline.

14. CheckAdvanceUSA.net is an online lender offering payday loans that charge interest over 800% per year in violation of multiple states' laws, including Florida.

15. Since February of 2023, Ms. Davis owed no balance to CheckAdvanceUSA.net, and upon information and belief, CheckAdvanceUSA.net instructed Clarity to delete the tradeline.

16. Therefore, Clarity should not have included the CheckAdvanceUSA.net loan in its file on Ms. Davis, or at minimum, should have updated the information to reflect a $0.00 loan balance had Clarity determined its incorporation was necessary.

17. Clarity has sold multiple consumer reports regarding Ms. Davis over the past two years that contain the CheckAdvanceUSA.net loan.

18.     As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

19.     The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders.

20.     As such, allowing information to remain without update for several years or more virtually guarantees it will sell credit reports with stale, outdated, and erroneous information.

### Other Erroneous Information in Consumer File

21.     Clarity programmed its systems to report as much information as possible, with little regard for the quality or truthfulness of the data.

22.     For example, on or about August 26, 2019, Clarity incorporated "0 Months" under the header "Months at Address," into its file on Ms. Davis, indicating that Ms. Davis had spent zero time at her current residence.

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 8/26/2019 3:45:06 am EDT rf9mm92qm7 | 7/20/2022 11:43:58 pm EDT eynx1f82tp | 18 |

23.     Less than a month later, Clarity incorporated that Ms. Davis had spent "251 Months" at the same residence into its file on Ms. Davis on or about September 18, 2019.

| | | | |
|---|---|---|---|
| 251 Months | 9/18/2019 11:36:05 am EDT samm3we8dh | 9/18/2019 11:36:05 am EDT samm3we8dh | 1 |

24. Clarity also incorporated "123 MAIN STREET TALLAHASSEE FL" under the header "Employer Address" into its file on Ms. Davis.

| Employer Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 123 MAIN STREET TALLAHASSEE FL | 10/8/2021 9:23:51 am EDT 11vzwpvkqe | 11/11/2022 9:04:50 am EST 74wx3d2j6q | 5 |

25. The "123 MAIN STREET" address is a placeholder Clarity's systems automatically insert when a data furnisher does not supply an address.

26. "123 MAIN STREET TALLAHASSEE FL" does not exist.

27. On or about November 5, 2019, Clarity incorporated that Ms. Davis's "Occupation" was "F" into its file on Ms. Davis when it had previously incorporated occupations of "COUNSELOR," "DISC VILLAGE," and even "EMPLOYEE."

| Occupation | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| COUNSELOR | 7/20/2022 11:43:58 pm EDT eynx1f82tp | 11/11/2022 9:04:50 am EST 74wx3d2j6q | 2 |
| DISC VILLAGE | 11/5/2019 3:12:29 pm EST qh2rghevx6 | 1/8/2022 12:55:41 pm EST 44wefrhh2c | 18 |
| EMPLOYEE | 10/7/2019 1:52:20 pm EDT cq5h3ebt5e | 10/7/2019 1:52:20 pm EDT cq5h3ebt5e | 1 |
| F | 11/5/2019 3:14:45 pm EST 8w8en13g4t | 1/15/2020 1:02:33 pm EST hypzbf7wxw | 8 |

28. As yet another example, Clarity incorporated that Ms. Davis had a "Net Monthly Income" of "$0.00" into its file on Ms. Davis on or about September 30, 2019, when it had previously incorporated that Ms. Davis had a "Net Monthly Income" of "$2,574.00" a mere ten days prior on or about September 18, 2019.

| Net Monthly Income | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| $0.00 | 9/30/2019 9:22:36 am EDT q327sf22sa | 12/27/2019 10:48:57 am EST jt58rnynzt | 2 |
| $960.00 | 12/12/2020 12:45:09 pm EST saz5krq29t | 12/12/2020 4:44:41 pm EST ne9abkemb7 | 2 |

Page 23 of 30

| Net Monthly Income | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| $1,340.00 | 2/2/2022 12:24:06 pm EST dsyx97nnc9 | 2/2/2022 12:24:06 pm EST dsyx97nnc9 | 1 |
| $1,500.00 | 12/12/2020 4:45:45 pm EST kg9b96t13c | 1/8/2022 12:51:14 pm EST 8z2af3g4eh | 4 |
| $1,667.00 | 9/11/2019 11:18:34 pm EDT 995ht7n14q | 9/11/2019 11:18:34 pm EDT 995ht7n14q | 1 |
| $2,100.00 | 1/15/2020 1:19:30 pm EST q3zmm2bjrb | 1/15/2020 1:19:30 pm EST q3zmm2bjrb | 1 |
| $2,167.00 | 12/15/2019 10:04:44 am EST rxheh35ad8 | 12/15/2019 10:04:44 am EST rxheh35ad8 | 1 |
| $2,404.00 | 8/26/2019 3:45:06 am EDT rf9mm92qm7 | 8/26/2019 3:45:06 am EDT rf9mm92qm7 | 1 |
| $2,500.00 | 12/6/2019 10:59:17 pm EST 143gmyyw4t | 1/15/2020 1:02:33 pm EST hypzbf7wxw | 6 |
| $2,556.00 | 10/7/2019 1:52:04 pm EDT drd9rmar5r | 10/7/2019 1:52:20 pm EDT cq5h3ebt5e | 2 |
| $2,566.00 | 12/10/2019 11:18:22 am EST 327r3cvz80 | 12/10/2019 11:18:22 am EST 327r3cvz80 | 1 |
| $2,574.00 | 9/18/2019 11:36:05 am EDT samm3we8dh | 10/30/2019 9:52:25 pm EDT 3pq714qs3y | 2 |

29. As with "123 MAIN STREET" and "0 Months," "0.00" is mere placeholder data Clarity's systems automatically insert into a consumer's file when the data furnisher fails to supply an amount.

30. On or about October 18, 2021, Clarity incorporated Ms. Davis's "Pay Frequency" as "B" into its file on Ms. Davis when it had incorporated her "Pay Frequency" as "BI WEEKLY" less than three weeks prior on or about September 24, 2021.

| Pay Frequency | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| B | 10/18/2021 9:53:12 am EDT 5wkm7ewtrg | 10/18/2021 9:53:13 am EDT h7rbyr330c | 2 |
| BI WEEKLY | 9/24/2021 9:18:39 am EDT pe1fvfveee | 1/8/2022 12:51:14 pm EST 8z2af3g4eh | 3 |

31. Just as confusingly, Clarity incorporated "TRUE" under the "Housing Status" header into its file on Ms. Davis on or about January 15, 2020.

Page 7 of 17

| Housing Status | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| OTHER | 10/5/2021 4:41:21 am EDT fzaad7c3aj | 8/2/2022 11:15:39 pm EDT 8djbg1qkpq | 6 |
| OWN | 9/2/2020 2:52:56 am EDT z5kx48zrkq | 7/7/2023 11:37:19 am EDT d531nd0txs | 20 |
| RENT | 8/26/2019 3:45:06 am EDT rf9mm92qm7 | 7/8/2023 6:09:39 pm EDT yt8njm1yjg | 90 |
| TRUE | 1/15/2020 1:19:30 pm EST q3zmm2bjrb | 1/15/2020 1:19:30 pm EST q3zmm2bjrb | 1 |

32. There are no guidelines or explanations as to what "F," "B," or "TRUE" could possibly signify.

33. All of these examples demonstrate Clarity's lack of quality control and procedures designed to verify the accuracy of the information it includes in a consumer's credit file.

34. As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

35. While Experian enforces "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

36. Indeed, Clarity frequently reports lengths of employment and residential history that exceed one million years, in addition to other clearly false information.

37. The FCRA is clear in its requirement that, as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. §1681e(b).

38. The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of the information Clarity reported concerning Ms. Davis.

39. When it sold reports regarding Ms. Davis in the last two years, Clarity knew, or should have known, that even under a best-case scenario it was selling out-of-date information it had gathered without regard to accuracy or completeness.

### Clarity's August 18, 2024 Disclosure to Ms. Davis

40. On or about August 18, 2024, Ms. Davis requested her Consumer Credit Disclosure from Clarity.

41. Upon receipt of Ms. Davis's request, Clarity was required to disclose all information "clearly and accurately" in Ms. Davis's file at the time of her request, including the identity of each person who obtained a consumer report from Clarity within the prior year for any purpose. If a reseller procured the report, "person" would include an end-user. *See* 15 U.S.C. § 1681g(a)(3)(A)(ii).

42. The FCRA defines "Identification" as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

43. Frequently, Clarity fails to fulfill its legal obligations regarding disclosure of this data, as it provides incomprehensible combinations of letters as the purported end-user of its consumer reports.

44. For example, Clarity disclosed a hard inquiry from May 16, 2023 as:

| 5/16/2023 3:10:45 pm EDT z1pnmbek2d | Credit Application | Online Line of Credit | CCB/TLS/MK Analytics/Propel |

45. In essence, Clarity disclosed four different persons supposedly make a single credit inquiry without indicating which entity or entities actually requested the report.

46. Clarity disclosed two of these entities using abbreviations no reasonable consumer would understand.

47. Indeed, upon receipt of her Clarity Consumer Credit Disclosure, Ms. Davis did not know who obtained her credit report on May 16, 2023 or the reason for the inquiry.

48. Clarity disclosed additional hard inquiries to Ms. Davis on February 2, 2022 and January 14, 2022, respectively, as:

| 2/2/2022 12:24:06 pm EST dsyx97nnc9 | Credit Application | Online Line of Credit | CCFLOW/TLS/AF247 |
| 1/14/2022 1:11:04 pm EST 4srrfkf1ne | Credit Application | Online Installment Loan | Greenline Loans/Eagle/Integra |

49. Once again, Clarity disclosed multiple potential end-users for a single credit application.

50. Clarity does not provide consumers with a guide or legend to assist in decoding its inquiries.

51. Clarity has also denied Ms. Davis information to which she is legally entitled, i.e., the identity of the end-user of her consumer reports.

52. As a result of the Defendant's actions, Ms. Davis has suffered damages, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

53. Ms. Davis has hired the undersigned law firm to represent her in this matter and has assigned it her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

54. Ms. Davis adopts and incorporates Paragraphs 1 – 53 as if fully restated herein.

55. Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold regarding Ms. Davis, as it sold consumer reports containing out-

of-date information regarding a loan for which Clarity should have deleted the tradeline or updated it to reflect a $0.00 balance.

56. Clarity further violated 15 U.S.C. § 1681e(b) when it sold consumer reports containing false information regarding Ms. Davis's residential history, employment history, income, pay frequency, and more.

57. Numerous consumers have sued Clarity for similar violations, and Clarity knows that it frequently sells reports with out-of-date, false tradeline information.

58. Clarity's conduct was either willful, or performed with a reckless disregard for Ms. Davis's rights under the FCRA.

59. As a result of its conduct, Clarity is liable to Ms. Davis for the greater of Ms. Davis's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Davis respectfully requests this Honorable Court enter judgment against Clarity for:

    a. The greater of Ms. Davis's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

  d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

60. Ms. Davis adopts and incorporates Paragraphs 1 – 53 as if fully restated herein, and pleads this count strictly in the alternative to Count I.

61. Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold regarding Ms. Davis, as it sold consumer reports containing out-of-date information regarding a loan for which Clarity should have deleted the tradeline or updated it to reflect a $0.00 balance.

62. Clarity further violated 15 U.S.C. § 1681e(b) when it sold consumer reports containing false information regarding Ms. Davis's residential history, employment history, income, pay frequency, and more.

63. Clarity owed Ms. Davis a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Ms. Davis.

64. Clarity breached this duty when it sold consumer reports about Ms. Davis that contained out-of-date tradeline information for a loan for which

Clarity should have deleted the tradeline or updated it to reflect a $0.00 balance as well as false information about her residential history, employment history, income, pay frequency, and more.

65. Clarity acted negligently and pursuant to 15 U.S.C. § 1681o, Ms. Davis is entitled to her actual damages, attorneys' fees, and costs.

**WHEREFORE**, Ms. Davis respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

### COUNT III
### CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681g(a)(3)(A)(ii)

66. Ms. Davis adopts and incorporates Paragraphs 1 - 53 as if fully restated herein.

67. Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, that procured Ms. Davis's consumer report during the one-year period preceding the date on which she made the request.

68. Clarity is aware that its consumer disclosures fail to properly identify end-users via multiple consumer lawsuits complaining of same.

69. Clarity's conduct was either willful and intentional, or performed with a reckless disregard for its duties to provide clear and accurate disclosures pursuant to the FCRA.

70. As a result of its conduct, Clarity is liable to Ms. Davis for the greater of Ms. Davis's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Davis respectfully requests this Honorable Court enter judgment against Clarity for:

    a. The greater of Ms. Davis's actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS
## OF 15 U.S.C. § 1681g(a)(3)(A)(ii)
### (Pled in the alternative to Count III)

71.   Ms. Davis adopts and incorporates Paragraphs 1 - 53 as if fully restated herein, and strictly pled in the alternative to Count III.

72.   Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, who procured Ms. Davis's consumer report during the one-year period preceding the date she made the request.

73.   Clarity owed Ms. Davis a legal duty to disclose this information.

74.   Clarity breached this duty when it failed to identify each end-user upon Ms. Davis's request.

75.   Therefore, Clarity acted negligently and Ms. Davis is entitled to her actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Davis respectfully requests this Honorable Court enter judgment against Clarity for:

   a. Ms. Davis's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

   c. Such other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on February 24, 2025, by:

**SERAPH LEGAL, P. A.**

/s/ *Megan A. Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar Number: 1005213
MRosenberg@SeraphLegal.com
2124 W. Kennedy Blvd., Suite A.
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 404)
Fax: 855-500-0705
*Counsel for Plaintiff*